UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALBERT D. WILLIAMS** | : | CIVIL ACTION NO. _____ |
|     **Plaintiff** | : | |
| | : | |
| **VERSUS** | : | **JURY DEMAND** |
| | : | |
| **GSD MARINE, LLC** | : | **EXEMPT FROM FILING FEES** |
|     **Defendant** | : | **UNDER 38 USC § 4323(h)(1)** |

## COMPLAINT

Comes now the plaintiff, Albert D. Williams ("Plaintiff) through counsel and for his Complaint states:

1. This is an action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA") of 1994, 38 U.S.C. §§ 4301-4335.

### I. PARTIES

2. Plaintiff is a citizen and resident of Carthage, Panola County, Texas.

3. Defendant, GSD Marine, LLC ("GSD Marine" or "Defendant") is a marine construction and demolition contractor. Defendant has a place of business located at 7135 South Lake Houston Parkway, Houston, Texas 77049, in the Southern District of Texas.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b).

5. Venue is proper in this district under 38 U.S.C. § 4323(c)(2) and 28 U.S.C. § 1391(b) because GSD Marine maintains a place of business in this judicial district.

### III. FACTS

6. Plaintiff is and has been a member of the United States Army Reserve ("Army Reserve") at all times relevant hereto.

7. Plaintiff was hired by GSD Marine in August 2015 as a full-time employee earning approximately $16.00 per hour. Due to a heavy workload, he frequently worked as many as 66 hours per week.

8. While employed at GSD Marine, Plaintiff was required to perform military service on a monthly basis. In addition, Plaintiff performed two weeks of military training beginning June 9, 2016, during which time he was ordered to attend the Basic Leader Course at Camp Cook in Ball, Louisiana.

9. Upon Plaintiff's completion of his two weeks of military training, on June 25, 2016, Plaintiff contacted his supervisor at GSD Marine, Rodney Frejai, to inquire when he should report back to work.

10. Plaintiff was told by his supervisor, Mr. Frejai, that while he had been away on military duty, the Defendant had hired two men to replace him. Mr. Frejai went on to say "we can't have anyone who misses this much time off for military duty," or words to that effect.

11. During a second telephone conversation on June 25, 2016, Mr. Frejai confirmed to Plaintiff that his work had been acceptable, but that his absence due to military duty was the reason he had been terminated.

12. Mr. Frejai's action on June 25, 2016, was discriminatory on its face and is *prima facie* evidence that GSD Marine's decision to terminate Plaintiff was motivated, *in part*, by his service in the U.S. Army Reserve.

13. Mr. Frejai's comments and actions were discriminatory and violated Plaintiff's rights under USERRA.

14. GSD Marine's actions were willful, deliberate, and in reckless disregard for the law.

## IV. CLAIM FOR RELIEF

**Uniformed Service Employment and Reemployment Rights Act, 38 U.S.C. § 4301** *et seq.*

15. Plaintiff adopts and incorporates all of the prior allegations and averments stated before.

16. GSD Marine violated Plaintiff's rights under 38 USC § 4311 of USERRA, among other ways, by discriminating against him by terminating him based, *in part*, on his service in the U.S. Army Reserve.

17. Plaintiff's military service was a motivating factor in the adverse employment actions taken against him by GSD Marine in violation of 38 U.S.C. § 4311.

18. Plaintiff has lost pay and benefits as a result of GSD Marine's discrimination.

19. GSD Marine's refusal to fully comply with USERRA is willful, deliberate, and in reckless disregard for the law.

WHEREFORE, PLAINTIFF PRAYS:

1. That the Court find and make a declaratory judgment that GSD Marine violated Plaintiff's USERRA rights when it discriminated against him by terminating his employment.

2. That GSD Marine be required to fully comply with the provisions of USERRA by:

    (a) Ordering that GSD Marine refrain from discriminating against Plaintiff;

    (b) Ordering that GSD Marine rehire Plaintiff at the level of seniority, status and pay he would have attained had GSD Marine not discriminated against him;

    (c) Entering a judgment awarding Plaintiff all lost pay and benefits as a result of GSD Marine's violations of USERRA;

    (d) Entering a judgment awarding Plaintiff front pay;

    (e) Entering a judgment awarding Plaintiff liquidated damages for GSD Marine's willful violations of USERRA;

 (f) Entering a judgment awarding Plaintiff his attorneys' fees;

 (g) Entering a judgment awarding Plaintiff his litigation costs;

 (h) Entering a judgment awarding Plaintiff pre- and post-judgment interest on the amount of lost compensation found due;

 (i) Awarding any such general relief that Plaintiff may be entitled to; and

 (j) Empaneling a jury to try this cause.

## REQUEST FOR JURY TRIAL

Plaintiff respectfully requests a jury to try this cause.

Respectfully submitted,

JONES & ODOM, LLP

By:_____/signed/_____
John S. Odom, Jr., LA Bar No. 10163
2124 Fairfield Avenue
Shreveport, LA 71104
Telephone: 318-221-1600
Facsimile: 318-425-1256
Email: john.odom@jodplaw.com
*ATTORNEY FOR PLAINTIFF*

APPLICATION FOR *PRO HAC VICE* STATUS PENDING (previously admitted *pro hac vice* in this court*)*